97447-5/10233272

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SANDRA FRANK,  CASE NO. 3:20-cv-00982

    Plaintiff,

vs.

DRURY HOTELS COMPANY, LLC,

    Defendant.
_____/

## NOTICE OF REMOVAL OF CAUSE

COMES NOW the Defendant, DRURY HOTELS COMPANY, LLC, by and through undersigned counsel, hereby files its Notice of Removal of Cause pursuant to 28 U.S.C. § 1441, *et seq.*, and 28 U.S.C. § 1332, and in compliance with Local Rule 4.02 of the United States District Court for the Middle District of Florida. This cause was originally filed in the Fourth Judicial Circuit in and for Duval County, Florida, and as grounds in support of this Notice of Removal, Defendant states as follows:

1. There is currently pending in the Fourth Judicial Circuit in and for Duval County, Florida the following styled case bearing civil case number 16-2020-CA-004199-XXX-MA: SANDRA FRANK, Plaintiff, vs. DRURY HOTELS COMPANY, LLC, Defendant.

2. This case arises out of an alleged slip and fall that occurred on Defendant's premises located at 1327 St. Augustine Road, Valdosta, Georgia. See Compl. at ¶ 5.

3. Copies of the docket sheet and all available processes, pleadings, and other papers served in the state action are being filed simultaneously with this Notice of Removal, as required by 28 U.S.C. § 1446(b), and Local Rule 4.02(c) of the United States District Court for the Middle District of Florida.

4.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

**Legal Standard and Analysis**

Federal courts are courts of limited jurisdiction: they possess only that power authorized by the Constitution and by statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)(citations omitted). Federal district courts have original jurisdiction over civil actions brought in diversity, in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). Federal district courts also have original jurisdiction "of all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Defendant invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 as diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interests and costs.

Venue exists in the Middle District of Florida, Jacksonville Division, because the Circuit Court for Duval County, Florida, is within the Jacksonville Division. See M.D. FLA. L.R. 1.02(b)(3).

Defendant accepted service of the Complaint in this matter on August 31, 2020. The Notice of Removal of Cause is being timely filed within thirty (30) days after Defendant is deemed to have been served with the original Complaint, as required by 28 U.S.C. § 1446(b).

Written notice of the filing of the Notice of Removal of Cause will be promptly served on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, pursuant to 28 U.S.C. § 1446(d).

**Diversity of Citizenship**

"Diversity jurisdiction must exist at the time an action is filed." Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1203 (M.D. Fla. 1991), *aff'd sub nom.,* Las Vistas Villas v. Petersen, 13 F.3d 409 (11th Cir. 1994). The party asserting the existence of diversity jurisdiction bears the burden of pleading the existence of that jurisdiction, and if diversity jurisdiction is challenged, that party also bears the burden of establishing jurisdiction by a preponderance of the evidence. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Ultimately, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

In the Complaint, Plaintiff provides that "At all times material hereto, Plaintiff, SANDRA FRANK, was a resident of Duval County, Florida." See Compl. at ¶ 2. For diversity jurisdiction, the citizenship of an individual is determined by domicile; "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Arrol v. Heron, No. 2:10-cv-655-FTM-29, 2011 WL 672417, at *1 (M.D. Fla. Feb. 17, 2011).

Plaintiff currently resides at 11370 Tanager Drive, Jacksonville, Florida 32225. **(See Exhibits A and B).** A Property Tax search, specifically, the most recent Tax Bill (2019) provides that Plaintiff currently receives homestead exemption for this property **(See Exhibit C)**. See Furnari v. Nuance Commc'ns, Inc., No. 6:11-cv-1119-ORL35GJK, 2011 WL 13298737, at *3 (M.D. Fla. Sept. 20, 2011)(finding that the defendant put forth competent evidence that the plaintiff received a homestead exemption of $25,000 in Brevard County, Florida, and has received the same amount since two years prior to the removal and, in consideration of this evidence and existing Eleventh Circuit case law, the Court concluded that the

plaintiff's citizenship is the State of Florida, which is the state wherein he is domiciled and receives a homestead exemption); Granite Equipment Leasing Corp. v. Smith's Pride Foods, Inc., 431 F. Supp. 490, 493 (N.D. Ala. 1977)("No one can have more than a single homestead exemption, then, because no one can have more than a single domicile at the time any given debt arises."). The evidence referenced herein establishes that Plaintiff resides in Florida, is a citizen of the state of Florida, and domiciliary of the state of Florida with the intent to remain in Florida.

Defendant is a Nevada limited liability company. For the purpose of determining diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant is owned by DDC Hotels, Inc. and DSW Industries, Inc. To sufficiently allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. Id.

DDC Hotels, Inc. is a Missouri corporation with its principal place of business located in St. Louis, Missouri. DSW Industries, Inc. is a Nevada corporation with its principal place of business located in Cape Girardeau, Missouri. Accordingly, Defendant is a citizen of both Missouri and Nevada.  Therefore, based on the allegations set forth in the Complaint, Defendant submits that complete diversity exists amongst the parties,

Thus, at all times material to this action, including but not limited to the time of the underlying incident and the time of the filing of Plaintiff's Complaint, there was complete diversity of the parties, as Plaintiff is a citizen of the state of Florida, while Defendant is a foreign entity with a principal place of business located outside of the state of Florida.

**The Amount in Controversy Exceeds $75,000.00**

Regarding the quantitative amount in controversy requirement, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001)(citing Snyder v. Harris, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction, excluding interests and costs, is that which exceeds $75,000. See 28 U.S.C. § 1332(a)("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]").

"Where . . . the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Factual allegations supported by evidence can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. Furthermore, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010).

In the Complaint, Plaintiff contends that "This is an action for damages in excess of $15,000.00." See Compl. at ¶ 1. Plaintiff has not pled a specific amount of damages; however, as it relates to the type of damages sought, Plaintiff provides:

> Plaintiff, SANDRA FRANK, was injured in and about body and extremities, suffered pain therefrom, incurred medical expense in the treatment of her injuries, and suffered physical handicap, loss of earnings, and loss of ability to earn money. Her injuries are either permanent or continuing in nature and she will suffer these losses and impairments in the future.

Id. at ¶ 12.

Moreover, during pre-suit discussions, Plaintiff's counsel advised individuals acting on Defendant's behalf, that – as of July 25, 2018 – "the total billed charges for her medical treatment is $293,607.16 . . . This number will definitely increase. . . . Additionally, Mrs. Frank is no longer able to work, and has lost her job due to these injuries." **(See Exhibit D)**.

Defendant avers that the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interest and attorney's fees, thereby meeting the requisite jurisdictional threshold as set forth in 28 U.S.C. § 1332.

Defendant denies that Plaintiff is entitled to the recovery of the damages as alleged in the Complaint. However, if there is a judgment in favor of Plaintiff and against Defendant, the amount in controversy in this case would exceed the federal court's Seventy-Five Thousand Dollars ($75,000) jurisdictional threshold.

The undersigned attorney is fully licensed in the state of Florida, and is authorized to practice in the United States District Court for the Middle District of Florida. The undersigned attorney has been authorized by Defendant to file this Notice of Removal of Cause.

WHEREFORE, upon consideration of the foregoing, this Court should find that diversity jurisdiction exists, pursuant to 28 U.S.C. § 1332, and accordingly, removal of this action from

the Fourth Judicial Circuit Court in and for Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division, is proper.

Dated: September 1, 2020

/s/ Richards H. Ford
Richards H. Ford, Esquire (288391)
rford@wickersmith.com
WICKER SMITH O'HARA MCCOY & FORD, P.A.
390 N. Orange Ave., Suite 1000
Orlando, FL 32801
Phone: (407) 843-3939
Fax: (407) 649-8118
ORLcrtpleadings@wickersmith.com
Attorneys for Drury Hotels Company, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on September 1, 2020, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, via the means indicated herein.

/s/ Richards H. Ford
Richards H. Ford, Esquire

## SERVICE LIST

Kenneth C. Steel, III, Esquire
Steel Trial Law, PLLC
2064 Park Street
Jacksonville, FL 32204-3810
Via e-mail: steeltriallaw@gmail.com
[Counsel for Plaintiff]